UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

|  |  |
|---|---|
| PROJECT VERITAS ACTION FUND, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | C.A. No. 1:16-cv-10462-PBS |
| DANIEL F. CONLEY, in his official ) | |
| capacity as Suffolk County District ) | |
| Attorney, ) | |
| ) | |
| Defendant. ) | |
| ) | |

### [PROPOSED] STIPULATED PROTECTIVE ORDER

The parties in the above-captioned matter having moved for entry of a Stipulated Protective Order pursuant to Fed. R. Civ. P. 26(c), to expedite the exchange of Discovery Material (as defined below) in the above-captioned matter (the "Litigation"), to facilitate the prompt resolution of disputes over confidentiality, to protect Discovery Material entitled to be kept confidential, and to ensure that confidentiality is afforded only to material so entitled, it is hereby ORDERED:

1. **Definitions**

   a) "Discovery Material" means any material produced, filed, served by, or otherwise obtained from, any Producing Party during discovery or otherwise in the Litigation or any information included in such material. Discovery Material may include, but is not limited to, deposition testimony and transcripts, answers to interrogatories, documents and tangible things produced by a Producing Party (whether produced pursuant to Fed. R. Civ. P. 34, subpoena, or otherwise), and responses to requests for admission.

b) "Producing Party" means any party that produces Discovery Material to any other party in connection with this Litigation.

c) "Personal Data" means any information concerning an individual which, because of name, social security number, identifying number, mark, or description can be readily associated with a particular individual; provided, however, that such information is not contained in a public record, as defined in Mass. Gen. L. c. 4, § 7(26).

d) "Receiving Party" means any party who receives Discovery Material in this Litigation.

e) "Confidential Discovery Material" means any Discovery Material that is stamped or labeled "CONFIDENTIAL" in a way that brings its attention to a reasonable examiner and does not interfere with the legibility of the material, or, in the event that such Discovery Material is disclosed in a form not appropriate for such placing or affixing, is designated in writing as Confidential Information at the time it is delivered to the Receiving Party. In the case of electronically stored Discovery Material, the designation of material as "CONFIDENTIAL" shall appear at the beginning of the file name.

f) "Designating Person" means any Producing Party who designates Discovery Material as Confidential Discovery Material.

g) "Objecting Party" means any party that objects to the designation of any Discovery Material as Confidential Information in accordance with the terms of Paragraph 7 herein.

2. **Non-Disclosure of Confidential Discovery Material**

Except with the prior written consent of the Producing Party originally designating Discovery Material as Confidential Discovery Material, no Confidential Discovery Material may be disclosed to any person or used in any manner except as provided herein.

3. **Use of Discovery Material**

Without the prior written consent of the Producing Party, Discovery Material produced or furnished in this litigation by any person shall not be used by the Receiving Party for any purpose other than the prosecution or defense of the Litigation, including appeals. This provision shall not apply, however, to any Discovery Material that is or was publicly available**,** obtained by the Receiving Party independently of formal discovery in this litigation, or that has been filed in an unsealed court filing.

**4. Material Entitled to Confidential Designation**

By designating Discovery Material as Confidential Discovery Material within the meaning of this Stipulated Protective Order, a Designating Person attests and represents that such Discovery Material (a): is (1) confidential, non-public information of an organization concerning its activities, meetings, members, financial information, including any information regarding budgets, personnel compensation, and/or funding, or any other information not otherwise available to the public, or (2) confidential, non-public personal information concerning individuals such as social security numbers, home telephone numbers and addresses, tax returns, personnel evaluations, and medical, investment, credit and banking information; and (b) may be subject to a protective order under Fed. R. Civ. P. 26(c)(1) or may be required by statute to be kept confidential.

**5. Use and Disclosure of Discovery Material Designated Confidential Discovery Material**

a) Unless otherwise ordered by a court, administrative agency, or other governmental or regulatory body of competent jurisdiction, or otherwise provided in this Order, Discovery Material designated as Confidential Discovery Material may be used only in connection with the prosecution or defense of the Litigation. Except upon the prior written consent of

the Producing Party or as otherwise expressly provided in this Order, Confidential Discovery Material may be disclosed only to the following persons:

i. Counsel of record, including in-house counsel, and any other counsel for the Parties in this Litigation, members of their firms and associates, associate attorneys, paralegals, legal assistants, clerical, and other regular employees of such counsel who are assisting in the conduct and/or management of this Litigation;

ii. The Court, its staff, and court officials involved in the Litigation (including court reporters or persons operating video equipment at depositions), any Special Master appointed by the Court and his or her staff, and any mediators and their staff agreed to by the parties in the Litigation;

iii. Any person designated by the Court in the interest of justice, upon such terms as the Court may deem proper, pursuant to order entered upon notice to the parties;

iv. Witnesses in preparation for deposition or at deposition, but only in connection with their testimony in the Litigation and provided that each such witness signs the Agreement to Abide by Stipulated Protective Order attached hereto;

v. Named parties and such officers, directors, employees or agents of the named parties as counsel, in good faith, require to provide assistance in the conduct of the Litigation, including parties in legal actions that have been, or in the future are, made part of, and/or consolidated with the Litigation;

vi. Third-party contractors engaged in one or more aspects of copying, organizing, filing, coding, converting, storing, or retrieving data or designing programs for handling data connected with this Litigation, including the performance of such

        duties in relation to a computerized litigation support system, but only to the extent reasonably necessary to render such services;

  vii.    Any person reflected as an author, addressee, or recipient of the Confidential Discovery Material; and

  viii.   Third-party contractors providing graphics or design services retained by counsel for a party for the purpose of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in this Litigation.

  ix.    Outside experts retained by counsel for the Litigation, provided that each expert signs the Agreement to Abide by Stipulated Protective Order attached hereto.

**6. Confidential Discovery Material in Depositions and Responses to Discovery Requests**

a) Subject to paragraph 5(a)(iv) above, a party's counsel may show Confidential Discovery Material to any deposition witness who is the Producing Party or a corporate parent, subsidiary, affiliate, officer, director, employee, partner, agent, consultant, attorney or expert of the Producing Party, or who is represented in this Litigation by counsel for the Producing Party.

b) Parties and deponents may, within ten (10) business days after receiving a transcript of a deposition, designate pages of the transcript (and exhibits thereto) as Confidential Discovery Material to the extent they contain material or information entitled to protection (as defined in Paragraph 4 above). Such Confidential Discovery Material within the deposition transcript may be designated only by marking pages that contain confidential information and placing on such pages the legend: "CONFIDENTIAL." Until the expiration of the 10-businessday period during which designations may be made, the entire deposition transcript and exhibits will be treated as subject to protection

5

as Confidential Discovery Material under this Order. If a designation is made, the pages and exhibits designated as Confidential Discovery Material, if filed, shall be filed under seal pursuant to Paragraph 10, separate from the pages and exhibits not so marked. If any depositions are videotaped, those portions of the videotape corresponding to pages of the deposition transcript designated as Confidential shall be afforded the same status. Failure to designate any page of a transcript as Confidential in accordance with the terms of this paragraph shall constitute a waiver of any confidentiality of that page.

c) If Discovery Material entitled to protection as Confidential Discovery Material (as defined in Paragraph 4 above) is included in written answers to discovery requests of any kind, such answers or responses shall be marked "CONFIDENTIAL."

7. **Declassification of Confidential Discovery Material**

Nothing in this Stipulated Protective Order shall be taken as indicating that any information is in fact entitled to treatment as Confidential Discovery Material on the grounds that it is marked as such. The parties shall not be obligated to challenge the propriety of a "Confidential" designation at the time it is made, and a failure to do so shall not preclude a subsequent challenge thereto. If, at any time, a party objects to a designation of Discovery Material as Confidential Discovery Material under this Stipulated Protective Order, the Objecting Party shall notify the Producing Party in writing. Within five (5) calendar days of the receipt of such notification, counsel for the Producing Party and the Objecting Party shall confer in good faith in an effort to resolve any disagreement regarding the Producing Party's designation of the Discovery Material as Confidential Discovery Material. If, for whatever reason, the parties do not resolve their disagreement, the Producing Party may apply to the Court within ten (10) calendar days from the date the parties conclude their meet and confer (or from

the date of receipt of notification if no meet and confer is conducted) for a ruling on the Producing Party's designation of the Discovery Material as Confidential Discovery Material. While any such application is pending, and until such time as there is a final court order declaring the Discovery Material in question to be Confidential Discovery Material, the documents or materials subject to that application will be treated as Confidential Discovery Material. If the Producing Party does not apply to the Court for a ruling on the designation of Discovery Material as Confidential Discovery Material within the time periods set forth above, the Discovery Material in question will lose its designation as Confidential Discovery Material. In any proceeding to determine the validity of a designation of Discovery Material as Confidential Discovery Material, the Producing Party shall have the burden of proving by a preponderance of the evidence that the Discovery Material in question is Confidential Discovery Material as defined in Paragraph 4 of this Order. Nothing in this Stipulated Protective Order shall be construed as preventing any party from objecting to the designation of any Discovery Material as Confidential Discovery Material or preventing any party from seeking protection for any Discovery Material.

**8. Inadvertent Failure to Designate**

a) A Producing Party may notify the Receiving Parties that Discovery Material that should have been designated as Confidential Discovery Material under the terms of this Order was inadvertently produced without being designated as such. Upon receiving such notice from the Producing Party, the party receiving such notice shall immediately treat the Discovery Material as if it had been so designated as Confidential Discovery Material and shall place the appropriate designation on the document within five (5) business days of receipt of such notice. No party shall be deemed to have violated this Order if, prior to

notification of any later designation, such Discovery Material has been disclosed or used in a manner inconsistent with the later designation. Once such a designation has been made, however, the relevant documents or materials shall be treated as Confidential Discovery Material in accordance with this Order; provided, however, that if the Discovery Material that was inadvertently not designated is, at the time of the later designation, filed with a court on the public record, the Producing Party who failed to make the designation shall, if so advised, move for appropriate relief.

b) If an inadvertently omitted "Confidential" designation is first claimed during the course of a deposition, hearing, or other court proceeding, the subject Discovery Material may be used throughout that deposition, hearing, or proceeding as though no designation had been made, but shall be treated as though such designation had been made immediately thereafter.

**9. Privileged Discovery Material**

a) If a Producing Party determines that it has inadvertently produced documents or materials that are subject to a claim of privilege or immunity, or otherwise protected from disclosure, the Producing Party shall inform counsel for the Receiving Parties of the inadvertent production in writing, and counsel for the Receiving Parties shall take reasonable steps to ensure that all known copies of any such documents are promptly returned to the Producing Party. Inadvertent production of privileged or otherwise protected Discovery Material will not be deemed to have waived any privilege.

b) In the event that only part of the document is claimed to be privileged or protected, the Producing Party shall furnish redacted copies of such document, removing only the part(s) thereof claimed to be privileged or protected. Upon receipt of the redacted copy,

the Receiving Party, absent a challenge pursuant to paragraph subsections (c) and (d) of this paragraph, shall promptly return all unredacted copies to the Producing Party in accordance with his paragraph.

c) If the Receiving Party contests the Producing Party's designation of privilege as to any purportedly inadvertently produced material, the Receiving Party shall retain all copies of the document under dispute segregated from other documents in a file marked "INADVERTENT PRODUCTION – PRIVILEGE DISPUTED." The Producing Party shall then have ten (10) business days after such challenge in which to file a motion seeking recovery of the privileged document, unless the parties agree to extend that period of time. Neither the purported inadvertently produced privileged document nor any of its contents shall be used, disclosed or referred to for any purpose until the motion is decided or the time for filing such motion has passed and no motion has been filed, except that (i) the purportedly privileged document may be filed by any party with the Court under seal for in camera review, and (ii) if the contents of the document are relevant to the Court's determination, either party may also refer to the contents in its motion or related brief, provided the motion and brief are also filed under seal and not disclosed to others. A Producing Party's failure to make a timely motion after being informed of the challenge shall be deemed a waiver of any attorney-client privilege for that particular document, without prejudice to any party's right to argue that the waiver does or does not qualify as a subject matter waiver.

**10. Filing of Confidential Discovery Material**

a) Except at trial, a party who seeks to publicly file with the court in unredacted form any Discovery Material designated as Confidential Discovery Material, or otherwise to

disclose such material in open court (the "Filing Party"), shall notify and seek a conference with the appropriate Producing Party no later than seven (7) days prior to the date on which it proposes to so file or disclose the material. Counsel shall then confer regarding such procedures as are necessary to protect the confidentiality of the subject Discovery Material.

b) If no mutually-satisfactory agreement regarding protection of the confidentiality of the Discovery Material is reached, the Producing Party may, no later than one (1) day before the date on which the Filing Party proposes to file or disclose the Discovery Material, apply for a court order under D. Mass. Local Rule 7.2 or other applicable law to seal or impound the Discovery Material, or for other appropriate relief.

c) If, at the time the Filing Party proposes to file or disclose such Discovery Material, a timely application for relief by the Producing Party has been made in accordance with subsection 10(b) and remains pending with the Court, the Filing Party shall not so file or disclose such Discovery Material except in a way that protects the confidentiality of the Discovery Material pending the court's resolution of the pending application.

d) Failure by the Producing Party to make a timely application for relief in accordance with subsection 10(b) shall be deemed a waiver of its interests in the confidentiality of the Discovery Material.

**11. Confidential Documents and Materials at Trial**

No fewer than thirty (30) days before the date upon which the parties are directed to submit a Joint Pretrial Order in the above-captioned case, the parties shall meet and confer to negotiate a proposal for Court approval addressing the treatment of Confidential Discovery Material at trial. Such proposal shall be submitted to the Court as a part of or contemporaneously

with the Joint Pretrial Order. To the extent the parties fail to agree on a proposal addressing the use of Confidential Discovery Material at trial, they may submit alternative proposals to the Court. Neither this Order nor any designation of confidentiality shall affect the admissibility into evidence of the information so designated.

**12. Further Requests for Production**

If, at any time, any Confidential Discovery Material in the custody, possession, or control of any person other than the Producing Party who originally produced such material is requested by any court or other tribunal to disclose such material, or is subpoenaed by any court, administrative agency, legislative body or other person or entity, the person or party to whom the subpoena or request is directed shall provide written notice to the Producing Party who originally produced the Confidential Discovery Material within three (3) business days, and shall provide that Producing Party five (5) business days thereafter to respond to the subpoena or request, but shall otherwise comply, as required by law, with the subpoena or request.

**13. Miscellaneous**

By this Order, no party hereto shall be deemed to have waived its right to assert that any particular document should or should not be accorded treatment as Confidential Discovery Material, so long as such rights are asserted in accordance with the terms of this Order. For purposes of computing any period of time under this Order, the provisions of Fed. R. Civ. P. 6 shall apply unless otherwise specified. This Order may be executed in counterparts.

**14. Termination**

The provisions of this Order shall continue to be binding after final termination of the Litigation. Within one hundred and twenty (120) days after final conclusion of all aspects of the Litigation, including any appeals, any party or person who received Confidential Discovery

Material must, at the option of the Receiving Party, (i) return such documents and materials to the Producing Party, or (ii) certify in writing to counsel to the Producing Party that the Receiving Party has destroyed the Confidential Discovery Material other than counsel's copies of exhibits filed under seal with the Court, counsel's file copies of papers prepared by counsel in connection with this Litigation, e.g., pleadings, court papers, discovery requests and responses, and other papers filed or served in the Litigation, and counsel's file copies of deposition and trial transcripts.

### 15. Consent to Jurisdiction

Any party receiving any Confidential Discovery Material in accordance with any provision of this Order hereby agrees to subject himself or herself to the jurisdiction of the Court for the purpose of any proceedings relating to the performance under, compliance with, or violation of, this Order.

### 16. Additional Parties

The terms of this Order shall be binding upon all current and future parties to the Litigation and their counsel. Within ten (10) days of (i) the entry of an appearance by a new party in this Litigation, or (ii) the transfer of a complaint that arises out of the same or similar facts alleged in the complaints in the Litigation, counsel for Plaintiffs shall serve a copy of this Order on such party's counsel.

### 17. Use of this Order

Neither this Order nor the existence of such nor any designation of Discovery Material as Confidential Discovery Material shall be offered or admitted into evidence at jury trial or argued or disclosed to any jury in the Litigation.

### 18. Scope of Discovery

Nothing in this Order is intended to constitute an agreement regarding the scope of discovery.

**19. Use of Own Information**

Nothing herein shall impose any restriction on the use of or disclosure by a party of its own information or from disclosing a document containing Confidential Discovery Material to any natural person who the document clearly identifies as an author, addressee, or carbon copy recipient of such document. Nor shall this Order be construed to prevent any party or its counsel or their retained outside experts and consultants and litigation support vendors from making use as they see fit of information that was lawfully available to the public or lawfully in the possession of the party, counsel or expert independent of any disclosure of Confidential Discovery Material in the Litigation, or Discovery Material not previously designated as Confidential Discovery Material. In the event, however, that a non-party provides Discovery Material that was generated by a party to this Order and that non-party believes that the Discovery Material should be designated as Confidential Discovery Material, the non-party may request that all copies of such Discovery Material be stamped "Confidential" in accordance with Paragraph 1(d), provided that the non-party was acting within the scope of his or her employment or agency for the party when he or she obtained such Confidential Discovery Material from the party (or an affiliate or subsidiary thereof) and such designation is consistent with the terms of this Order. If the parties to this Order disagree concerning the proper designation of such Discovery Material, their dispute shall be resolved pursuant to the procedures described in Paragraph 7 of this Order. Pending the Court's ruling, the party contesting the requested designation shall treat the Discovery Material as if the requested designation were proper and effective.

Respectfully submitted,

| | |
|---|---|
| PLAINTIFF,<br>PROJECT VERITAS ACTION FUND, | DEFENDANT,<br>DISTRICT ATTORNEY DANIEL CONLEY, |
| By its attorneys, | By his attorneys, |
| /s/ Stephen R. Klein<br>Stephen R. Klein (Pro Hac Vice)<br>500 Madison Street #419<br>Alexandria, VA 22314<br>734.233.1705 [Tel.]<br>stephen.klein.esq@gmail.com | Maura Healey<br>Attorney General<br><br>/s/ Eric A. Haskell<br>Eric A. Haskell, BBO No. 665533<br>Assistant Attorney General<br>Criminal Bureau<br>One Ashburton Place<br>Boston, Mass. 02108<br>(617) 963-2855<br>eric.haskell@state.ma.us |
| Daniel J. Kelly, BBO# 553926<br>dkelly@mccarter.com<br>Gregory D. Cote, BBO# 645943<br>gcote@mccarter.com<br>McCarter & English, LLP<br>265 Franklin Street<br>Boston, MA 02110<br>617-449-6500 – o<br>617-326-3098 – f | |
| Benjamin Barr (Pro Hac Vice)<br>Benjamin Barr (Pro Hac Vice)<br>benjamin.barr@gmail.com<br>444 N Michigan Ave. Suite 1200<br>Chicago, IL 60611<br>202-595-4671 – o | |

**SO ORDERED:**

Dated this _____ day of _____, 2018.

_____
The Honorable Patti B. Saris
United States District Judge

14

## AGREEMENT TO ABIDE BY PROTECTIVE ORDER

I have been designated as a person who may have access to Confidential Discovery Material under paragraph 5 of the Stipulated Protective Order entered in *Project Veritas Action Fund v. Conley*, Case No. 1: 16-cv-10462-PBS (D. Mass.). I have received and reviewed a copy of the Stipulated Protective Order and agree to abide by its terms with respect to all Confidential Discovery Material as defined therein.

Signed under the pains and penalties of perjury on this \_\_\_\_\_ day of _____.

_____
[Recipient of Confidential Material]