UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PROJECT VERITAS ACTION FUND, | ) |
| Plaintiff, | ) Civil Case No. 16-10462-PBS |
| v. | ) |
| DANIEL F. CONLEY, SUFFOLK COUNTY DISTRICT ATTORNEY | ) |
| Defendant. | ) |

**PLAINTIFF'S STATEMENT OF MATERIAL FACTS**

**The Parties and Activities in Controversy**

1. Plaintiff Project Veritas Action Fund ("PVA") is a non-profit organization engaged in undercover journalism to expose corruption, fraud, waste, and abuse. **Exhibit A**, Russell Joseph Verney Deposition, April 4, 2018 ("Verney Dep.") 17:8-10, 24:17-20; **Exhibit B**, James E. O'Keefe Deposition, April 9, 2018 ("O'Keefe Dep.") 33:13-23.

2. PVA has a well-established history of investigating government officials, candidates for public office, and others through the use of secret recording. Verney Dep. 168:8-16, 186:23-24, 187:1-6, 197:11-13; O'Keefe Dep. 8:9-11, 27:6-7, 41:16-21, 45:19-24; **Exhibit C**, Robert Joel Halderman Deposition, April 6, 2018 ("Halderman Dep.") 239:23-24, 240:1-16, 246:3-7; **Exhibit E**, Affidavit of Russell Joseph Verney ("Verney Affidavit") ¶4; **Exhibit F**, Affidavit of Robert Joel Halderman ("Halderman Affidavit") ¶4.

3. PVA has refrained from engaging in the secret recording of individuals for newsgathering purposes in Massachusetts due to G.L. c. 272, §99 ("Section 99"). Verney Dep. 119:21-24, 120:21-24, 121:1-7, 130:3-21, 133:3-5, 134:1-5, 138:2-15, 147:17-22; O'Keefe Dep. 118:14-20; Halderman Dep. 203:14-18, 205:14-21, 206:3-10; **Exhibit D**, PVA Responses to Defendant's First Set of Interrogatories (Nos. 9 and 11); Verney Affidavit ¶¶5-7; Halderman Affidavit ¶5.

### PVA's Plans to Engage in Newsgathering are Made Impossible by Section 99

4. PVA would like to secretly record Massachusetts government officials in a variety of locations, including public locations where government officials are performing their official duties, but cannot due to the operation of Section 99. Halderman Dep. 209:14-21, 210:4-16, 219:5-10, 220:3-24, 221:1-10; PVA Response to Interrogatory No. 9; Verney Affidavit ¶¶6-7; Halderman Affidavit ¶¶5-7.

5. PVA refrained from at least four specific projects in Massachusetts due to the ban contained in Section 99:

   a. Secretly recording landlords renting unsafe apartments to college students. Verney Dep. 130:3-21; Halderman Dep. 213:9-24, 214:1-21; PVA Response to Interrogatory No. 9; Verney Affidavit ¶5; Halderman Affidavit ¶5.

   b. Secretly recording government officials, including police officers, legislators, or members of the Massachusetts Office for Refugees and Immigrants and their positions on "sanctuary cities." Verney Dep. 134:6-15, 135:2-8; Halderman Dep. 220:3-24, 221:1-10; PVA Response to Interrogatory No. 9; Verney Affidavit ¶5; Halderman Affidavit ¶5.

    c. Secretly recording "protest management" activities related to Antifa protests and focusing on both government officials and private individuals. Verney Dep. 138:2-21; Halderman Dep. 223:2-24, 225:7-13, 226:1-8; PVA Response to Interrogatory No. 9; Verney Affidavit ¶5; Halderman Affidavit ¶5.

    d. Research into Harvard University, its endowment, and use of federal funds and secretly recording interactions with Harvard officials. Verney Dep. 191:1-24, 193:3-19; Halderman Dep. 228:7-24, 229:1-4, 230:5-11; PVA Response to Interrogatory No. 9; Verney Affidavit ¶5; Halderman Affidavit ¶5.

6. Consistent with its practice, PVA would like to send its journalists into Boston so they may uncover leads to determine newsworthy stories—they often cannot predict ahead of time specific news and leads they will uncover. Verney Dep. 164:5-20; Halderman Dep. 126:1-9, 149:10-15, 229:5-24, 230:1-4, 232:7-24, 234:13-23, 248:19-24, 249:1-5; Verney Affidavit ¶7; Halderman Affidavit ¶7.

### Section 99 Bans All Secret Recording of Government Officials and Makes PVA's Operations Impossible

7. Because of the unequivocal ban of secret audio recording by Section 99, PVA cannot engage in its undercover journalism to report stories about corruption, fraud, waste, and abuse. Verney Dep. 99:1-23, 146:16-24, 166:18-21, 194:5-11; O'Keefe Dep. 118:14-20; Halderman Dep. 163:21-24, 164:1-4, 251:6-12; Verney Affidavit ¶8; Halderman Affidavit ¶8. Plaintiff contends this conduct is protected under the First Amendment to the United States Constitution. Halderman Dep. 164:17-22, 229:23-24, 230:1-4.

**Defendant Has Produced No Evidence That the Recording Ban Serves a Privacy Interest**

8. Defendant has produced no evidence showing that its ban on secret recording serves a governmental interest in preserving privacy. *See* **Exhibit G**, District Attorney Daniel F. Conley's Responses to Plaintiffs' First Set of Interrogatories to Him (Nos. 4-16) (all objecting because these matters concern "pure law" that are "hypothetical").

9. In response to Plaintiff's Interrogatory Numbers 4 and 5, Defendant has not demonstrated that Section 99's ban of all secret audio recording serves a privacy interest when it prohibits the recording of a police officer on the Boston Common having a discussion with a PVA journalist and where the nearest other individuals are more than 20 feet away or where they are five to ten feet away. D.A. Conley's Responses to Interrogatory Nos. 4-5. Defendant contends this question is purely a legal interpretation. *Id.*

10. In response to Plaintiff's Interrogatory Numbers 7 and 8, Defendant has not demonstrated that Section 99 serves a privacy interest when it bans the secret recording of landlords in Boston either on sidewalks with other people five to ten feet away or in apartments being shown to the public. D.A. Conley's Responses to Interrogatory Nos. 7-8.

11. In response to Plaintiff's Interrogatory Numbers 10 through 12, where PVA asks whether secretly recording a candidate for the Massachusetts General Court at a crowded Boston Common event, at a crowded Boston restaurant, or on a Boston sidewalk with others within five to ten feet distance, Defendant has produced no evidence showing that Section 99's ban serves any privacy interest. Defendant contends this question is purely legal. D.A. Conley's Responses to Interrogatory Nos. 10-12.

12. In response to Plaintiff's Interrogatory Number 13, Defendant has not demonstrated that Section 99 serves a privacy interest when it bans the secret recording of a Massachusetts

legislator in the Great Hall of the Massachusetts State House where other individuals are five to ten feet away. Defendant contends this question is purely legal. D.A. Conley's Response to Interrogatory No. 13.

13. In response to Plaintiff's Interrogatory Numbers 14 and 15, where PVA asks whether secretly recording poll workers on election day inside a Boston polling place and where other individuals are either five to ten feet away or twenty or more feet away, Defendant has not produced evidence showing that Section 99 serves any privacy interest. Defendant contends this question is purely legal. D.A. Conley's Responses to Interrogatory Nos. 14-15.

14. In response to Plaintiff's Interrogatory Number 16, Defendant has not demonstrated that Section 99 serves any privacy interest when it bans the secret recording of public protests, rioting, or acts of civil disobedience. Defendant contends this question is purely legal. D.A. Conley's Response to Interrogatory No. 16.

Respectfully submitted,

PROJECT VERITAS ACTION FUND,

By its attorneys,

/s/ Benjamin Barr
Benjamin Barr (Pro Hac Vice)
Statecraft PLLC
444 N. Michigan Ave. #1200
Chicago, Illinois 60611
202-595-4671 – o
ben@statecraftlaw.com
*admitted pro hac vice*

Stephen R. Klein (Pro Hac Vice)
Statecraft PLLC
1629 K Street NW
Suite 300
Washington, DC 20006

(202) 804-6676 -o
steve@statecraftlaw.com
*admitted pro hac vice*

Daniel J. Kelly, BBO# 553926
dkelly@mccarter.com
Gregory D. Cote, BBO# 645943
gcote@mccarter.com
McCarter & English, LLP
265 Franklin Street
Boston, MA 02110
617-449-6500 – o
617-326-3098 – f

May 11, 2018

## **CERTIFICATE OF SERVICE**

I, Benjamin T. Barr, hereby certify that on this 11th day of May, 2018, the foregoing Statement of Material Facts in Support of Motion for Summary Judgment was electronically filed with the Clerk of the Court using the CM/ECF system and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

/s/ Benjamin Barr