UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| _____ ) | |
| PROJECT VERITAS ACTION FUND, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:16-cv-10462-PBS |
| ) | |
| DANIEL F. CONLEY, ) | |
| Defendant. ) | |
| _____ ) | |

## DISTRICT ATTORNEY DANIEL F. CONLEY'S RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES TO HIM

Pursuant to Federal Rules of Civil Procedure 26 and 33, defendant District Attorney Daniel F. Conley makes the following objections and responses ("Responses") to the First Set of Interrogatories to Defendant of the plaintiff Project Veritas Action Fund ("Interrogatories").

## GENERAL OBJECTIONS, OBJECTIONS TO DEFINITIONS, AND OBJECTIONS TO INSTRUCTIONS

The following objections apply to each Interrogatory, whether or not separately stated in response to a particular Interrogatory:

1.      District Attorney Conley objects generally to the Interrogatories to the extent that they seek information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure that may apply, or otherwise not discoverable under the Federal Rules of Civil Procedure.

2.      District Attorney Conley objects generally to the Interrogatories to the extent that they purport to impose any obligation in excess of those imposed by the Federal Rules of Civil Procedure and the Local Rules of the U.S. District Court for the District of Massachusetts ("LR").

3.      District Attorney Conley objects to the Interrogatories' definition of "Defendant" as overly broad, unduly burdensome, inviting speculation, and violating LR 26.5(c).  In making these Responses, District Attorney Conley interprets and uses the term "defendant" as it is defined by LR 26.5(c)(5).

## RESPONSES AND SPECIFIC OBJECTIONS TO INTERROGATORIES

## INTERROGATORY NO. 1:

State all facts that support each Affirmative Defense asserted by Defendant in his Answer to PVA's Second Amended Complaint for Declaratory and Injunctive Relief. (Dkt. 84)

**Exhibit G**

interpretation of a question of pure law that is hypothetical only and thus is unconnected to the facts of the case.  District Attorney Conley further objects to this Interrogatory on the ground that it is uncertain, an incomplete hypothetical, and requires speculation.

## INTERROGATORY NO. 4:

State whether Defendant considers a journalist using a concealed device to audio record his own conversation with an on-duty law enforcement officer on Boston Common without the officer's knowledge, where other individuals who are not party to the conversation are over twenty feet away, to constitute "interception" of the officer's "oral communication" under Section 99(B)(2), (4).

## RESPONSE TO INTERROGATORY NO. 4:

District Attorney Conley objects to this Interrogatory on the ground that it seeks his interpretation of a question of pure law that is hypothetical only and thus is unconnected to the facts of the case.  District Attorney Conley further objects to this Interrogatory on the ground that it is uncertain, an incomplete hypothetical, and requires speculation.

## INTERROGATORY NO. 5:

State whether Defendant considers a journalist using a concealed device to audio record his own conversation with an on-duty law enforcement officer on Boston Common without the officer's knowledge, where other individuals who are not party to the conversation are within five to ten feet away, to constitute "interception" of the officer's "oral communication" under Section 99(B)(2), (4).

## RESPONSE TO INTERROGATORY NO. 5:

District Attorney Conley objects to this Interrogatory on the ground that it seeks his interpretation of a question of pure law that is hypothetical only and thus is unconnected to the facts of the case.  District Attorney Conley further objects to this Interrogatory on the ground that it is uncertain, an incomplete hypothetical, and requires speculation.

## INTERROGATORY NO. 6:

State whether Defendant considers a journalist using a concealed device to audio record his own conversation with an on-duty private security officer in a Boston retail establishment without the officer's knowledge, where other individuals who are not party to the conversation are within five to ten feet away, to constitute "interception" of the officer's "oral communication" under Section 99(B)(2), (4).

## RESPONSE TO INTERROGATORY NO. 6:

District Attorney Conley objects to this Interrogatory on the ground that it seeks his interpretation of a question of pure law that is hypothetical only and thus is unconnected to the facts of the case.  District Attorney Conley further objects to this Interrogatory on the ground that it is uncertain, an incomplete hypothetical, and requires speculation.

**Exhibit G**

## INTERROGATORY NO. 7:

State whether Defendant considers a journalist using a concealed device to audio record his own conversation with a landlord on a Boston public sidewalk without the landlord's knowledge, where other individuals who are not party to the conversation are within five to ten feet away, consititutes [sic] "interception" of the landlord's "oral communication" under Section 99(B)(2), (4).

## RESPONSE TO INTERROGATORY NO. 7:

District Attorney Conley objects to this Interrogatory on the ground that it seeks his interpretation of a question of pure law that is hypothetical only and thus is unconnected to the facts of the case.  District Attorney Conley further objects to this Interrogatory on the ground that it is uncertain, an incomplete hypothetical, and requires speculation.

## INTERROGATORY NO. 8:

State whether Defendant considers a journalist using a concealed device to make an audiovisual recording of his own conversation with a landlord in an apartment without the landlord's knowledge, visually capturing the conditions of the apartment and an audio record of the landlord's words simultaneously, to constitute "interception" of the landlord's "oral communication" under Section 99(B)(2), (4).

## RESPONSE TO INTERROGATORY NO. 8:

District Attorney Conley objects to this Interrogatory on the ground that it seeks his interpretation of a question of pure law that is hypothetical only and thus is unconnected to the facts of the case.  District Attorney Conley further objects to this Interrogatory on the ground that it is uncertain, an incomplete hypothetical, and requires speculation.

## INTERROGATORY NO. 9:

State whether Defendant considers a journalist using a concealed device to audio record an on-duty law enforcement officer's interactions with other citizens who are within five to ten feet away on a Boston sidewalk, without the officer's or other citizens' knowledge, to constitute "interception" of "oral communication[s]" under Section 99(B)(2), (4).

## RESPONSE TO INTERROGATORY NO. 9:

District Attorney Conley objects to this Interrogatory on the ground that it seeks his interpretation of a question of pure law that is hypothetical only and thus is unconnected to the facts of the case.  District Attorney Conley further objects to this Interrogatory on the ground that it is uncertain, an incomplete hypothetical, and requires speculation.

## INTERROGATORY NO. 10:

State whether Defendant considers a journalist using a concealed device to audio record a candidate for the Massachusetts General Court giving a speech to a crowd gathered on Boston

Common, recording without anyone else's knowledge, to constitute "interception" of the candidate's "oral communication" under Section 99(B)(2), (4).

## RESPONSE TO INTERROGATORY NO. 10:

District Attorney Conley objects to this Interrogatory on the ground that it seeks his interpretation of a question of pure law that is hypothetical only and thus is unconnected to the facts of the case. District Attorney Conley further objects to this Interrogatory on the ground that it is uncertain, an incomplete hypothetical, and requires speculation.

## INTERROGATORY NO. 11:

State whether Defendant considers a journalist using a concealed device to audio record his own conversation with a candidate for the Massachusetts General Court inside a crowded Boston restaurant without the candidate's knowledge, where other individuals who are not party to the conversation are within five to ten feet away, to constitute "interception" of the candidate's "oral communication" under Section 99(B)(2), (4).

## RESPONSE TO INTERROGATORY NO. 11:

District Attorney Conley objects to this Interrogatory on the ground that it seeks his interpretation of a question of pure law that is hypothetical only and thus is unconnected to the facts of the case. District Attorney Conley further objects to this Interrogatory on the ground that it is uncertain, an incomplete hypothetical, and requires speculation.

## INTERROGATORY NO. 12:

State whether Defendant considers a journalist using a concealed device to audio record a candidate for the Massachusetts General Court interacting with other citizens within five to ten feet away on a Boston sidewalk, recording without the candidate's or other citizens' knowledge, to constitute "interception" of "oral communications" under Section 99(B)(2), (4).

## RESPONSE TO INTERROGATORY NO. 12:

District Attorney Conley objects to this Interrogatory on the ground that it seeks his interpretation of a question of pure law that is hypothetical only and thus is unconnected to the facts of the case. District Attorney Conley further objects to this Interrogatory on the ground that it is uncertain, an incomplete hypothetical, and requires speculation.

## INTERROGATORY NO. 13:

State whether Defendant considers a journalist using a concealed device to audio record his own conversation with a Massachusetts legislator about "sanctuary cities" in the Great Hall of the Massachusetts State House without the legislator's knowledge, where other individuals who are not party to the conversation are within five to ten feet away, to constitute "interception" of "oral communications" under Section 99(B)(2), (4).

**Exhibit G**

**RESPONSE TO INTERROGATORY NO. 13:**

District Attorney Conley objects to this Interrogatory on the ground that it seeks his interpretation of a question of pure law that is hypothetical only and thus is unconnected to the facts of the case.  District Attorney Conley further objects to this Interrogatory on the ground that it is uncertain, an incomplete hypothetical, and requires speculation.

**INTERROGATORY NO. 14:**

State whether Defendant considers a journalist using a concealed device to audio record his own conversation with a poll worker on Election Day inside a Boston polling place without the poll worker's knowledge, where other individuals who are not party to the conversation are within five to ten feet away, to constitute "interception" of the poll worker's "oral communication" under Section 99(B)(2), (4).

**RESPONSE TO INTERROGATORY NO. 14:**

District Attorney Conley objects to this Interrogatory on the ground that it seeks his interpretation of a question of pure law that is hypothetical only and thus is unconnected to the facts of the case.  District Attorney Conley further objects to this Interrogatory on the ground that it is uncertain, an incomplete hypothetical, and requires speculation.

**INTERROGATORY NO. 15:**

State whether Defendant considers a journalist using a concealed device to audio record his own conversation with a poll worker on Election Day inside a Boston polling place without the poll worker's knowledge, where other individuals who are not party to the conversation are over twenty feet away, to constitute "interception" of the poll worker's "oral communication" under Section 99(B)(2), (4).

**RESPONSE TO INTERROGATORY NO. 15:**

District Attorney Conley objects to this Interrogatory on the ground that it seeks his interpretation of a question of pure law that is hypothetical only and thus is unconnected to the facts of the case.  District Attorney Conley further objects to this Interrogatory on the ground that it is uncertain, an incomplete hypothetical, and requires speculation.

**INTERROGATORY NO. 16:**

State whether Defendant considers a journalist using a concealed device to audio record the voices of citizens engaged in protests, rioting, or other acts of civil disobedience on Boston Common, recording without anyone else's knowledge, to constitute "interception" of the citizens' "oral communication[s]" under Section 99(B)(2), (4).

**RESPONSE TO INTERROGATORY NO. 16:**

District Attorney Conley objects to this Interrogatory on the ground that it seeks his interpretation of a question of pure law that is hypothetical only and thus is unconnected to the

**Exhibit G**

facts of the case.  District Attorney Conley further objects to this Interrogatory on the ground that it is uncertain, an incomplete hypothetical, and requires speculation.

## INTERROGATORY NO. 17:

State whether Defendant considers a journalist using a concealed device to audio record a training and educational event held open to the public in a Boston bookstore, recording without anyone else's knowledge, to constitute "interception" of "oral communication[s]" under Section 99(B)(2), (4).

## RESPONSE TO INTERROGATORY NO. 17:

District Attorney Conley objects to this Interrogatory on the ground that it seeks his interpretation of a question of pure law that is hypothetical only and thus is unconnected to the facts of the case.  District Attorney Conley further objects to this Interrogatory on the ground that it is uncertain, an incomplete hypothetical, and requires speculation.

## INTERROGATORY NO. 18:

State whether, if a PVA journalist were to engage in any of the aforementioned scenarios regarding concealed audio recording (¶¶ 4–17), Defendant would consider that PVA journalist as acting "on behalf of" PVA or PVA officers under Section 99(C)(6).

## RESPONSE TO INTERROGATORY NO. 18:

District Attorney Conley objects to this Interrogatory on the ground that it seeks his interpretation of a question of pure law that is hypothetical only and thus is unconnected to the facts of the case.  District Attorney Conley further objects to this Interrogatory on the ground that it is uncertain, an incomplete hypothetical, and requires speculation.

**Exhibit G**