UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| PROJECT VERITAS ACTION FUND, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:16-cv-10462-PBS |
| | ) | |
| DANIEL F. CONLEY, | ) | |
| Defendant. | ) | |

**DISTRICT ATTORNEY DANIEL F. CONLEY'S RESPONSES TO
PLAINTIFFS' FIRST SET OF REQUESTS FOR ADMISSIONS**

Pursuant to Federal Rules of Civil Procedure 26 and 36, defendant District Attorney Daniel F. Conley makes the following objections and responses ("Responses") to the First Set of Requests For Admissions of the plaintiff Project Veritas Action Fund ("RFAs").

**GENERAL OBJECTIONS, OBJECTIONS TO
DEFINITIONS, AND OBJECTIONS TO INSTRUCTIONS**

The following objections apply to each Request, whether or not separately stated in response to a particular Request:

1. District Attorney Conley objects generally to the RFAs to the extent that they seek information protected by the attorney-client privilege, the work product doctrine, or any other privilege or immunity from disclosure that may apply, or otherwise not discoverable under the Federal Rules of Civil Procedure.

2. District Attorney Conley objects generally to the RFAs to the extent that they purport to impose any obligation in excess of those imposed by the Federal Rules of Civil Procedure and Local Rules of the U.S. District Court for the District of Massachusetts ("LR").

3. District Attorney Conley objections to the RFAs' instruction that, "[i]n the event that [District Attorney Conley] . . . denies any Request or portion of a Request, he must state the reasons for his . . . denial" as purporting to impose an obligation in excess of those imposed by the Federal Rules of Civil Procedure and LR.

4. District Attorney Conley objections to the RFAs' instruction that "[t]hese Requests shall be deemed continuing and supplemental answers shall be required if Defendant directly or indirectly obtains further information after his initial response as provided by Fed. R. Civ. P. 26(e)" as purporting to impose obligations in excess of those imposed by the Federal Rules of Civil Procedure and LR.  District Attorney Conley will supplement his responses, if necessary and as indicated in his responses to specific Requests, in accordance with Fed. R. Civ.

**Exhibit A**

P. 26(e).

     5.     District Attorney Conley objections to the RFAs' instruction that "[i]f [District Attorney Conley] answers a Request on the basis that he lacks sufficient information to respond, [he must] describe any and all efforts he made to inform himself of the facts and circumstances necessary to answer or respond" as purporting to impose an obligation in excess of those imposed by the Federal Rules of Civil Procedure and LR.

     6.     District Attorney Conley objects to the RFAs' definition of "Defendant" as overly broad, unduly burdensome, inviting speculation, and violating LR 26.5(c).  In making these Responses, District Attorney Conley interprets and uses the term "defendant" as it is defined by LR 26.5(c)(5).

## RESPONSES AND SPECIFIC OBJECTIONS TO RFAs

### REQUEST FOR ADMISSION NO. 1:

Admit that portions of the CBS report "Biography of a Bookie Joint," specifically that published between timestamps 18:00-19:50 in an online republication of the report (https://www.youtube.com/watch?v=7kAMVa3uMwo), would violate G.L. c. 272, §99 ("Section 99") (C)(1) and (3) if the recording in question was made after ratification of the law in 1968.

### RESPONSE TO REQUEST FOR ADMISSION NO. 1:

District Attorney Conley objects to this Request on the ground that it seeks his interpretation of a question of pure law that is hypothetical only and thus is unconnected to the facts of the case.  District Attorney Conley further objects to this Request on the ground that it is uncertain, an incomplete hypothetical, and requires speculation.

### REQUEST FOR ADMISSION NO. 2:

Admit that portions of the PVA report "Grimes' campaign workers caught on hidden camera: 'It's a lying game,'" specifically those published between timestamps 00:48-01:30, 01:40-03:10, and 03:15-04:15 of the report (https://youtu.be/A1N3rbwRA_k) would violate Section 99(C)(1), (3) and (5) if the recordings had been made in Suffolk County, Massachusetts.

### RESPONSE TO REQUEST FOR ADMISSION NO. 2:

District Attorney Conley objects to this Request on the ground that it seeks his interpretation of a question of pure law that is hypothetical only and thus is unconnected to the facts of the case.  District Attorney Conley further objects to this Request on the ground that it is uncertain, an incomplete hypothetical, and requires speculation.

### REQUEST FOR ADMISSION NO. 3:

Admit that portions of the PVA report "HIDDEN CAM: Hillary's National Marketing Director Illegal Accepting Foreign Contribution," specifically those published between timestamps 01:00-01:10, 01:21-01:30, 01:50-01:54, 01:58-02:27, 02:42-03:00, 03:50-04:12, and

04:20-04:27 of the report (https://www.youtube.com/watch?v=-qxF7Z2N7Y4) would violate Section 99(C)(1), (3) and (5) if the recordings had been made in Suffolk County, Massachusetts.

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

District Attorney Conley objects to this Request on the ground that it seeks his interpretation of a question of pure law that is hypothetical only and thus is unconnected to the facts of the case.  District Attorney Conley further objects to this Request on the ground that it is uncertain, an incomplete hypothetical, and requires speculation.

**REQUEST FOR ADMISSION NO. 4:**

Admit that portions of the PVA report "Clinton Campaign: 'Whatever you can get away with just do it'," specifically those published between timestamps 01:15-02:51, 03:20-04:14, 04:41-05:27, 05:41-06:03, and 06:11-07:02 of the report (https://youtu.be/rhI6bMbhsDE) would violate Section 99(C)(1), (3) and (5) if the recordings had been made in Suffolk County, Massachusetts.

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

District Attorney Conley objects to this Request on the ground that it seeks his interpretation of a question of pure law that is hypothetical only and thus is unconnected to the facts of the case.  District Attorney Conley further objects to this Request on the ground that it is uncertain, an incomplete hypothetical, and requires speculation.

**REQUEST FOR ADMISSION NO. 5:**

Admit that portions of the PVA report "Out of state voters and non-residents offered ballots in New Hampshire presidential primary," specifically those published between timestamps 00:17-02:03, 02:29-02:50, 03:05-03:51, 04:09-05:42, and 07:14-12:19 of the report (https://youtu.be/DlDgOIdD3BY) would violate Section 99(C)(1), (3) and (5) if the recordings had been made in Suffolk County, Massachusetts.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

District Attorney Conley objects to this Request on the ground that it seeks his interpretation of a question of pure law that is hypothetical only and thus is unconnected to the facts of the case.  District Attorney Conley further objects to this Request on the ground that it is uncertain, an incomplete hypothetical, and requires speculation.

**REQUEST FOR ADMISSION NO. 6:**

Admit that portions of the PVA report "Rigging the Election, Video 1: Clinton Campaign and DNC Incite Violence at Trump Rallies," specifically those published between timestamps 02:20-02:38, 02:54-03:21, 03:30-04:01, 04:21-04:50, 05:04-07:09, 07:19-10:33, 10:52-11:05, 11:23-12:51, 13:08-14:41, and 15:10-15:44 of the report (https://www.youtube.com/watch?v=5IuJGHuIkzY) would violate Section 99(C)(1), (3) and (5) if the recordings had been made in Suffolk County, Massachusetts.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

District Attorney Conley objects to this Request on the ground that it seeks his interpretation of a question of pure law that is hypothetical only and thus is unconnected to the facts of the case. District Attorney Conley further objects to this Request on the ground that it is uncertain, an incomplete hypothetical, and requires speculation.

As to Objections:

December 14, 2017

_____
MAURA HEALEY
ATTORNEY GENERAL

Eric A. Haskell, BBO No. 665533
Assistant Attorney General
One Ashburton Place
Boston, Mass. 02108
(617) 963-2855
eric.haskell@state.ma.us

*Counsel for Defendant
District Attorney Daniel F. Conley*

**CERTIFICATE OF SERVICE**

I, Eric A. Haskell, counsel for defendant District Attorney Daniel Conley, hereby certify that I served the foregoing document by causing a true copy thereof to be mailed by first-class mail, postage prepared, as well as e-mailed to:

Stephen R. Klein, Esq.
500 Madison Street #419
Alexandria, Va. 22314
734.233.1705

stephen.klein.esq@gmail.com

Daniel J. Kelly, Esq.
Gregory D. Cote, Esq.
McCarter & English, LLP
265 Franklin Street
Boston, Mass. 02110
617-449-6500
dkelly@mccarter.com
gcote@mccarter.com

December 14, 2017

_____
Eric A. Haskell
Assistant Attorney General

- 4 -

**Exhibit A**