

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
EASTERN DIVISION

|  |  |
|---|---|
| PROJECT VERITAS ACTION FUND, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> DANIEL F. CONLEY, in his official ) <br> capacity as Suffolk County District ) <br> Attorney, ) <br> ) <br> Defendant. ) | C.A. No. 1:16-cv-10462-PBS |

## PLAINTIFF'S RESPONSES TO DEFENDANT'S
## FIRST SET OF INTERROGATORIES

Pursuant to Federal Rules of Civil Procedure 26 and 33, plaintiff Project Veritas Action Fund makes the following objections and responses to the First Set of Interrogatories to Defendant.

### RESPONSES AND SPECIFIC OBJECTIONS TO INTERROGATORIES

### INTERROGATORY NO. 1

How do You define each of the following phrases, as each appears in your Second Amended Complaint:

a. "Public place"?;

**RESPONSE: Plaintiff defines "public place" as a location that is generally open and accessible to people.**

b. "Public official"?;

**RESPONSE: Plaintiff defines a "public official" as officials and civil servants.** *See* **OFFICIAL, Black's Law Dictionary (10th ed. 2014) ("Someone who holds or is invested with a public office; a person elected or appointed to carry out some portion of a government's sovereign powers. — Also termed** *public official.*"); **CIVIL SERVANT, Black's Law Dictionary (10th ed. 2014) ("Someone employed in a department responsible**

for conducting the affairs of a national or local government. — Also termed *public employee*.").

c. "Harassing or interfering behavior"?;

**RESPONSE: Plaintiff defines "harassing or interfering behavior" as harassment: "Words, conduct, or action (usu. repeated or persistent) that, being directed at a specific person, annoys, alarms, or causes substantial emotional distress to that person and serves no legitimate purpose; purposeful vexation." HARRASMENT, Black's Law Dictionary (10th ed. 2014).**

d. "Quietly"?; and

**RESPONSE: Plaintiff defines "quietly" as the "quality or state of being quiet." QUIETLY, Merriam-Webster, https://www.merriam-webster.com/dictionary/quietly.**

e. "Reasonable expectation of privacy"?

**RESPONSE: Plaintiff defines "reasonable expectation of privacy" as a circumstance in which the parties to the communication may reasonably expect that the communication may not be overheard or recorded.**

## INTERROGATORY NO. 2

Do You contend that Mass. G.L. c. 272, § 99, is unconstitutional in its application to any factual circumstance other than those described in paragraphs 31 and 33 of your Second Amended Complaint (that is, Secret Recording of: "(1) public officials discharging their duties in public spaces; (2) public officials in places with no expectation of privacy; [or] (3) private individuals in places with no expectation of privacy"; where the person making the recording "[does] not impede police or other public officials executing their duties," "remain[s] at least five feet away from such officials while recording," "compl[ies] with requests from these officials," and "[does] not engage in otherwise harassing or interfering behavior," but rather "quietly and secretly record[s] such interactions while ensuring that public officials are able to carry out their duties.")?

**RESPONSE: Yes. Although Plaintiff has provided specific information concerning its future operations, the law violates the First Amendment in a substantial number of applications beyond these circumstances.**

that public officials do not have a privacy interest in the execution of their duties in public. *Martin*, 241 F. Supp. 3d at 287. The law's unequivocal ban is thus not properly tailored to protect privacy; moreover, it is not tailored to address other governmental interests, including those alluded to throughout Interrogatory No. 4, as applied to public officials.

The same reasoning must also prevent the law from entirely prohibiting the secret recording of civilians, or private citizens, in their interactions with public officials engaging in their duties in public, as referred to in Interrogatory No. 5. Particularly as it pertains to police officers, such interactions are one reason Plaintiff seeks to record. *See* Second Amended Complaint (Dkt. 83) ¶¶ 28–31. The Court, and the First Circuit, have already recognized the legitimacy of recording public and private citizens alike in the public official's execution of official duties in public. *Martin*, 241 F. Supp. 3d at 288 (citing *Glik v. Cuniffe*, 655 F.3d 78, 84 (1st Cir. 2011) ("Section 99 is not narrowly tailored to serve those government interests. Section 99 restricts a significant amount of nondisruptive and safe First Amendment activities such as a 'peaceful recording of an arrest in a public space that does not interfere with the police officers' performance of their duties.'").

**INTERROGATORY NO. 7**

Please Identify Each Occurrence in which You have openly recorded a person in Massachusetts.

**RESPONSE: Plaintiff engaged in open recording in Massachusetts on August 11, 2017.**

**INTERROGATORY NO. 8**

Please Identify Each Person with knowledge of any occurrence(s) identified in response to the preceding Interrogatory.

**RESPONSE: James O'Keefe; Russell Verney; Robert Halderman; Ryan Lopez; Stephen Klein.**

**INTERROGATORY NO. 9**

Please Identify Each Occurrence in which You have desired to Secretly Record a person in Massachusetts, but have refrained from doing so.

**RESPONSE: Plaintiff incorporates each occurrence previously identified in Plaintiff's Verified Complaint (Dkt. 1) ¶ 21; First Amended Verified Complaint (Dkt. 48), ¶¶ 21, 22; and Second Amended Complaint (Dkt. 83) ¶¶ 21, 22, 28–31. These included a desire to secretly record: (a) landlords renting unsafe apartments to college students, (b) government officials, including police officers, legislators, or members of the Massachusetts Office for Refugees and Immigrants and their positions on "sanctuary cities," (c) "protest management" efforts for the antifa protest in downtown Boston on August 19, 2017 that**

would focus on private individuals and public officials, (d) ongoing and future antifa or related protests occurring in Boston.

In addition to these instances, Plaintiff considered using secret recording in the process of investigating political campaigns in Suffolk County in the late summer and fall of 2015 while its journalists were working in New Hampshire. *See, e.g., Australian Labor Party Assisting Democratic US Campaigns in Violation of Campaign Finance Laws*, Project Veritas Action, Feb. 25, 2016, https://youtu.be/p7kPtWAzvU4 (report from New Hampshire from this time period). Project Veritas desired to use secret recording in Massachusetts in the process of investigating claims made by a New York Times reporter relating to former FBI director James Comey in the fall of 2017, but avoided doing so due to the law. *See generally American Pravda, NYT Part I – Slanting the News & A Bizarre Comey Connection*, veritasvisuals, Oct. 10, 2017, https://youtu.be/D5854-qAqkM.

### INTERROGATORY NO. 10

Please Identify Each Person with knowledge of any occurrence(s) identified in response to the preceding Interrogatory.

**RESPONSE: James O'Keefe; Russell Verney; Robert Halderman.**

### INTERROGATORY NO. 11

Please identify each step you have taken in furtherance of making any future recording in Massachusetts.

**RESPONSE: Plaintiff has been aware of the unequivocal ban in G.L. c. 272, § 99 since 2015. Because of this unequivocal ban, its steps have been limited to monitoring instances in Massachusetts—largely reports from other news outlets—that it would investigate with secret recording but for the ban. Since March, 2016, Plaintiff has engaged in a constitutional challenge in an effort to overturn the unequivocal ban on secret recording.**

### INTERROGATORY NO. 12

Please Identify Each Person with knowledge of any step(s) identified in response to the preceding Interrogatory.

**RESPONSE: James O'Keefe, Russell Verney, Robert Halderman.**

### INTERROGATORY NO. 13

Please Identify Each Person with knowledge of modifications made to the raw footage comprising any component of any video cited in paragraphs 23 through 27 of Your Second

As to Responses:

_____
RUSSELL VERNEY, Executive Director, Project Veritas Action Fund.

January 17, 2018

As to Objections:

*Stephen Klein* (signature)

STEPHEN R. KLEIN (Pro Hac Vice)
stephen.klein.esq@gmail.com
500 Madison Street #419
Alexandria, VA 22314
734-233-1705 – o

Daniel J. Kelly, BBO# 553926
dkelly@mccarter.com
Gregory D. Cote, BBO# 645943
gcote@mccarter.com
McCarter & English, LLP
265 Franklin Street
Boston, MA 02110
617-449-6500 – o
617-326-3098 – f

Benjamin Barr (Pro Hac Vice)
benjamin.barr@gmail.com
444 N Michigan Ave. Suite 1200
Chicago, IL 60611
202-595-4671 – o

*Counsel for Plaintiff*
*Project Veritas Action Fund*

January 17, 2018


## CERTIFICATE OF SERVICE

    I, Stephen R. Klein, hereby certify that on this 17 day of January, 2018, the foregoing Responses to Defendant's First Set of Interrogatories was served by causing a true copy thereof to be mailed by first-class mail, postage prepaid, as well as via electronic mail to Defendant pursuant to mutual agreement by the parties:

Eric A. Haskell, BBO No. 665533  
Assistant Attorney General  
One Ashburton Place  
Boston, MA 02108  
(617) 963-2855  
eric.haskell@state.ma.us

_Stephen Klein_  
Stephen R. Klein